### ALEXANDER v. THURMOND, U. S. ATTY.

(Circuit Court of Appeals, Fourth Circuit. February 18, 1921.)

No. 1865.

Internal revenue ☞39—Prosecution not affected by National Prohibition Act.
National Prohibition Act Oct. 28, 1919, which went into effect January 17, 1920, and title II, § 35, of which provides that the act shall not "relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws," does not affect a prosecution for a violation of the internal revenue laws in March, 1919.

In Error to the District Court of the United States for the Western District of South Carolina, at Anderson.

Criminal prosecution by the United States against C. E. Alexander. Judgment of conviction, and defendant brings error. Affirmed.

J. R. Earle, of Walhalla, S. C., for plaintiff in error.

C. G. Wyche, Asst. U. S. Atty., of Greenville, S. C. (J. Wm. Thurmond, U. S. Atty., of Edgefield, S. C., and J. E. Marshall, Asst. U. S. Atty., of Greenwood, S. C., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

PER CURIAM. Plaintiff in error was convicted of illicit distilling, in violation of sections 3258, 3279, and 3281 of the Revised Statutes (Comp. St. §§ 5994, 6019, 6021). The offense of which the jury found him guilty was committed on the 7th of March, 1919. When the case was called for trial there was a demurrer to the indictment and a motion to quash, on the ground in substance that the sections named had been repealed by the National Prohibition Act (41 Stat. 305). The demurrer was overruled, and the motion denied; and this is the only error assigned.

The contention is wholly devoid of merit. The Eighteenth Amendment was ratified on the 16th of January, 1919. By its own terms it did not become effective until a year thereafter, or on the 17th of January, 1920. The National Prohibition Act also took effect by its own terms on the latter date, and this act expressly provides that it shall not "relieve any person from any liability, civil or criminal, heretofore or hereafter incurred under existing laws." For an offense committed in March, 1919, plaintiff in error was clearly punishable under the law then in force.

Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes